# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. CR12-2024 |
| vs. | ORDER FOR PRETRIAL DETENTION |
| FRANK NELSON, | |
| Defendant. | |

On the 10th day of September, 2012, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Special Assistant United States Attorney Lisa C. Williams. The Defendant appeared personally and was represented by his attorney, Mark C. Meyer.

## I. RELEVANT FACTS AND PROCEEDINGS

On August 22, 2012, Defendant Frank Nelson was charged by Indictment (docket number 15) with conspiracy to distribute heroin. At the arraignment on September 5, 2012, Defendant entered a plea of not guilty and trial was scheduled before Chief Judge Linda R. Reade on November 5, 2012.

At the hearing, Special Agent Kelly Meggers of the Iowa Division of Narcotics Enforcement testified regarding the circumstances underlying the instant charge.[1] Defendant is named in a conspiracy to distribute heroin in Waterloo, Iowa. In May 2010, DEA Task Force officers were introduced to Lucious Simmons and began purchasing heroin from him. As part of the investigation of the drug conspiracy, law enforcement placed wiretaps on telephones, and learned that Arthur Scott was a major source for heroin in a large organization of mid-level and lower-level drug dealers. In April 2011, numerous

---

[1] Meggers is currently assigned to the DEA Drug Task Force in Cedar Rapids.

arrests were made and, according to Meggers, some of the mid-level and lower-level dealers "stepped up" to take a larger role in the drug conspiracy, including Defendant.

Special Agent Meggers testified that Defendant was a long-time heroin user, and his sources for heroin were individuals involved in the drug conspiracy. On September 5, 2012, Defendant was arrested and admitted being a daily heroin user, selling heroin with his cousin (a co-conspirator), "middling" drug deals, and cutting and packaging heroin for individuals involved in the drug conspiracy. Additionally, in March 2012, Byant Olive, a co-defendant in this matter, told law enforcement that Defendant sold heroin.

According to the pretrial services report, Defendant is 44 years old. He was born and raised in Chicago, Illinois. He has lived in Waterloo since 1988. His mother and four siblings all reside in Waterloo. Defendant has been married since 2004, but he and his wife have been together since 1988. They have four children, ages 12 to 20. Defendant also has an 11-year-old daughter from a prior relationship.

Defendant is currently unemployed. He has not had full-time employment since 2003. Defendant told the pretrial services officer that within the past year, he has performed custodial work at Savior Baptist Church in Evansdale, Iowa. Defendant reported that he suffers from high-blood pressure and a heart condition. He is prescribed medication for these conditions. He has no history of mental or emotional health concerns. Defendant stated that he has no issues with alcohol. He reported using marijuana on a daily basis from age six until about seven years ago. He also stated that for the past several years, he has smoked one "blunt" each week. Defendant also reported daily heroin use since 2008, with his last use being the day he was arrested on the instant federal charge.

Defendant has an extensive criminal record and a history of failing to appear at court proceedings. In 1990, Defendant was charged and later convicted of carrying weapons. He was sentenced to 180 days in jail and 1 year probation. In 1993, Defendant

was charged and later convicted of driving with a suspended license. He failed to appear for his arraignment, and an arrest warrant was issued and later served.

In July 1995, Defendant was charged and later convicted of driving with a suspended license. He was given a suspended jail sentence and 1 year probation. Between 1996 and 1998, Defendant's probation was revoked twice. He also failed to appear for court proceedings on two separate occasions during that time period. In both instances, arrest warrants were issued and later served on Defendant. In August 1995, while the driving while suspended charge was pending, Defendant was charged and later convicted of disorderly conduct.

In February 1996, while on probation, Defendant was charged and later convicted of disorderly conduct. In February 1997, while on probation, Defendant was charged and later convicted in two separate counts with driving while barred and driving with a suspended license. He was given suspended jail sentences on both counts and 2 years probation. In 1998 and 1999, Defendant was found in contempt of court on two separate occasions for violating his probation. He was discharged from probation in September 1999. His probation violations apparently stemmed from being charged and convicted of driving while barred in February 1998, and driving with a suspended license and possession of a controlled substance in March 1999. Defendant was discharged from probation in the 1998 charge in September 1999. In the 1999 case, Defendant violated his probation and had is probation revoked in 2000.

In March 2000, while on probation, Defendant was charged and later convicted of disorderly conduct. In April 2000, while on probation, Defendant was charged and later convicted of driving while barred. He was sentenced to 2 years in prison. He was paroled in February 2001. His sentence was discharged in September 2001.

In August 2001, while on parole, Defendant was charged and later convicted of public intoxication and interference with official acts. In December 2001, Defendant was charged and later convicted of driving while barred. He failed to appear for the pretrial

conference in that matter, and an arrest warrant was issued, but later recalled. He was given a suspended prison sentence and 2 years probation. In September 2002, a violation of probation was filed and an arrest warrant was issued. The warrant was served and Defendant's probation was revoked in November 2002. Between 2003 and 2006, Defendant failed to appear for three court hearings. Warrants were issued and served on all three occasions.

In February 2002, while the December 2001 driving while barred charge was pending, Defendant was again charged and later convicted with driving while barred. In April 2005, while on probation, Defendant was charged and later convicted of intimidation with a dangerous weapon.[2] Defendant was sentenced to 5 years in prison. In August 2005, while on probation, and while the April 2005 charge was pending, Defendant was charged and later convicted of possessing a firearm as a felon. Defendant was sentenced to 5 years in prison. In April 2006, while on probation, and while the April 2005 charge was pending, Defendant was charged and later convicted of perjury. He was sentenced to 5 years in prison. In April 2008, Defendant was paroled on both 2005 charges and the 2006 charge. In August 2008, a violation of parole charge was filed, and an arrest warrant was issued and later served on Defendant. The violation of parole charge was dismissed in February 2009. Defendant's sentences for both 2005 convictions and the 2006 conviction were discharged in April 2009.

In August 2008, while on parole, Defendant was charged and later convicted of possession of a controlled substance, second offense. He was given a suspended jail sentence and 2 years probation. His probation was revoked in December 2009, and he was sentenced to 75 days in jail.

---

[2] According to the pretrial services report, this charge stems from an incident where a man came to Defendant's residence and knocked on Defendant's door, yelled for Defendant to come outside, and allegedly threatened to kill Defendant. Defendant opened the door and fired several shots from a gun, striking the man in the upper body once.

4

In March 2010, Defendant was charged and later convicted of disorderly conduct. On April 22, 2011, Defendant was charged and later convicted of interference with official acts. On the same date, Defendant was charged and later convicted in a separate case with public intoxication.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

The Government has the burden of proof in this regard. It is aided in certain cases, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). For example, if the Court finds there is probable cause to believe that the person committed a drug offense for which a maximum term of imprisonment of ten years or more is applicable, or possessed a firearm in furtherance of a drug trafficking crime, or committed certain specified offenses involving a minor victim, then there is a rebuttable presumption that no condition

or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e)(A)(B) and (E). In a "presumption case," the defendant bears a limited burden of production – not a burden of persuasion – to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id.* *See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

## B. Analysis

Turning to the facts in the instant action, Defendant is charged with conspiracy to distribute heroin. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to § 3142(f)(1)(C).

Regarding the second step, pursuant to § 3142(e)(3)(A), there is a rebuttable presumption in favor of detention. Regarding the weight of the evidence, it is difficult for the Court in a detention hearing to weigh the evidence of an alleged conspiracy. The Court notes, however, on September 5, 2012, Defendant was arrested and admitted being a daily heroin user, selling heroin with his cousin (a co-conspirator), "middling" drug deals, and cutting and packaging heroin for individuals involved in the drug conspiracy. Additionally, in March 2012, Byant Olive, a co-defendant in this matter, told law enforcement that Defendant sold heroin.

As a general proposition, the distribution of drugs constitutes a general danger to the community. The Court is particularly concerned with the distribution of heroin because its use often results in overdose and death. Defendant is a heroin addict, and told the pretrial services officer that he has used heroin on a daily basis since 2008. Defendant also has an extensive criminal record, including violent felony convictions. Moreover, Defendant has a history of violating pretrial release, probation, and parole. Additionally,

7

Defendant has a history of failing to appear for court proceedings. The Court has no confidence that Defendant would comply with the terms and conditions it would impose if he were released. Therefore, based on the serious nature and circumstances of the offense, Defendant's substantial criminal record, including violent felon convictions, his history of violating pretrial release, probation, and parole, his history of failing to appear for court proceedings, his active use of heroin, and the rebuttable presumption, the Court finds that Defendant should be detained pending trial.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

### III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (September 5, 2012) to the filing of this Ruling (September 12, 2012) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 12th day of September, 2012.

_____
JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA